UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**JONATHAN JONES (#581316)**

**VERSUS**

**ZUCCARO BLACKMORE, ET AL.**

CIVIL ACTION

NO. 18-845-SDD-RLB

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on June 25, 2019.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**JONATHAN JONES (#581316)**

**VERSUS**

**ZUCCARO BLACKMORE, ET AL.**

**CIVIL ACTION**

**NO. 18-845-SDD-RLB**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on Motion to Dismiss filed on behalf of defendant Maj. Zuccaro Blackmore (R. Doc. 12). The motion is not opposed.

The *pro se* plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Maj. Zuccaro Blackmore, Col. Hunt, Lt. Davis, Sgt. Reed, and Sgt. Long complaining that his constitutional rights were violated due to deliberate indifference to his serious medical needs and retaliation.[1] He seeks monetary and injunctive relief.

The moving defendant first seeks dismissal on jurisdictional grounds, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, of the plaintiff's claim against him in his official capacity. In this regard, the defendant Blackmore is correct that § 1983 does not provide a federal forum for a litigant who seeks monetary damages against either a state or its officials acting in their official capacities, specifically because these officials are not seen to be "persons" within the meaning of § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71

---

[1] As to defendants Hunt, Davis, Reed, and Long, a review of the record reveals that these defendants have not been served because service was not accepted by the Department of Corrections as first names for these defendants were needed. *See* R. Doc. 10. Pursuant to the requirements of Rule 4(m) of the Federal Rules of Civil Procedure, failure to serve a defendant within 90 days of commencement of an action is cause for dismissal of that defendant from the proceeding. Although a *pro se* plaintiff may rely on service by the U.S. Marshal, he may not remain silent and do nothing to effectuate such service, and should attempt to remedy any defects of which he has knowledge. The plaintiff was informed of the lack of service, and has failed to take action to direct service on defendants Hunt, David, Reed, and Long. *See* R. Doc. 10. It is appropriate, therefore, that the plaintiff's claims asserted against these defendants be dismissed, without prejudice, for failure of the plaintiff to effect timely service upon him.

(1989). In addition, in *Hafer v. Melo,* 502 U.S. 21 (1991), the United States Supreme Court addressed the distinction between official capacity and individual capacity lawsuits and made clear that a suit against a state official in an official capacity for monetary damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment. *Id*. at 25.

Accordingly, the plaintiff's claims asserted against defendant Blackmore in his official capacity, for monetary damages, are subject to dismissal. In contrast, the plaintiff's claims for monetary damages asserted against defendant Blackmore in his individual capacity remain viable because a claim against a state official in an individual capacity, seeking to impose personal liability for actions taken under color of state law, is not treated as a suit against the state. *Id*. at 29. The plaintiff's claim for injunctive relief also remains viable. Of course, the plaintiff must prove a deprivation of a constitutional right to obtain any relief.

Turning to the plaintiff's claims that are not subject to dismissal on the basis of Eleventh Amendment immunity, defendant Blackmore next asserts, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, that the plaintiff has failed to state a claim upon which relief may be granted. In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss pursuant to Rule 12(b)(6). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, *supra*, at 555. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678, *quoting Bell Atlantic Corp. v. Twombly*, *supra*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It

follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Id*. at 679.  "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' " *Id*. at 678 (internal quotation marks omitted).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Further, "[a] document filed *pro se* is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Id*. (citation omitted).  Notwithstanding, the court need not accept "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "naked assertions [of unlawful conduct] devoid of further factual enhancement." *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678 (internal quotation marks omitted).

In his Complaint as amended, the plaintiff alleges the following with regards to defendant Blackmore:   On March 19, 2018 the plaintiff was sent to administrative segregation between 4:00 p.m. and 5:00 p.m.  When the plaintiff's glucose level was checked in the treatment center, he was given extra units of insulin due to his level being high.  Upon return to the unit the plaintiff began requesting a food tray because the last meal had already been served prior to his return from the treatment center.  The plaintiff informed the officers that he had a tray on his locker box that he had brought with him to administrative segregation that he could eat if they brought the tray to him.  No officer brought the tray requested by the plaintiff or a tray from the last meal served.

From 5:30 p.m. until 10:30 p.m. the plaintiff pleaded with Sgt. Long and Sgt. Reed for something to eat since he had just been administered his insulin. During the same time span he talked with Lt. Davis, defendant Maj. Blackmore, and Col. Hunt, who all promised him food which the plaintiff never received.

Around 12:00 a.m., the plaintiff awoke to Maj. Bernard and an EMT attempting to help him sit up. When the plaintiff's glucose level was checked, it was 53. Even after the EMT ordered that the plaintiff be given a tray of food, the plaintiff did not receive any food until 6:00 a.m.

The plaintiff is being retaliated against by "some of the security and medical staff" due to the filing of grievances and receiving notice of the plaintiff's intent to file suit. The retaliation includes untimely administration of the plaintiff's insulin leading to extremely high glucose levels over 500, frivolous disciplinary charges, the failure to accept various grievances filed by the plaintiff, planting drugs on the plaintiff, and allowing another inmate to enter his cell to attack the plaintiff. None of these allegations pertain to defendant Blackmore.

In response to the plaintiff's allegations, defendant Blackmore has asserted that he is entitled to qualified immunity in connection with the plaintiff's claims. The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. *Huff v. Crites*, 473 F. App'x. 398 (5th Cir. 2012). As enunciated in *Saucier v. Katz*, 533 U.S. 194 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendant's conduct violated the plaintiff's constitutional rights. *Id.* at 201. Second, the district court looks to whether the rights allegedly violated were clearly established. *Id.* This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general

proposition. *Id*. The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. *Id*.

Undertaking the qualified immunity analysis, the Court finds that the defendant's motion should be granted. Specifically, the Court concludes that the plaintiff has failed to state a claim, against the moving defendant, upon which relief may be granted.

A prison official violates the Eighth Amendment's prohibition of cruel and unusual punishment if the official shows deliberate indifference to a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103–06 (1976). The official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety" and "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists". *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The official also must draw that inference. *Id*.

Failed treatments, negligence, and medical malpractice are insufficient to give rise to a claim of deliberate indifference. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). A prisoner who disagrees with the course of treatment or alleges that he should have received further treatment also does not raise a claim of deliberate indifference. *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Instead, an inmate must show that prison officials denied him treatment, purposefully provided him improper treatment, or ignored his medical complaints. *Id*. A delay in treatment may violate the Eighth Amendment if the delay was the result of the prison official's deliberate indifference and substantial harm—including suffering—occurred during the delay. *Easter v. Powell*, 467 F.3d 459, 464–65 (5th Cir. 2006).

In the instant matter, the plaintiff alleges that he asked defendant Blackmore for a food tray and defendant Blackmore promised that the plaintiff would receive food, but the plaintiff did

not receive any food until many hours later. The plaintiff makes no allegations that defendant Blackmore intentionally failed to secure a food tray for the plaintiff due to deliberate indifference to his serious medical needs. At best, the plaintiff states a claim for negligence if defendant Blackmore promised the plaintiff a food tray but failed to be sure one was secured for the plaintiff. The plaintiff makes no allegations that defendant Blackmore denied him treatment, purposefully provided him improper treatment or ignored his medical complaints. Plaintiff does not allege any physical harm, only that he "could have" suffered adverse consequences. As such, the plaintiff has failed to state a claim against defendant Blackmore for deliberate indifference to his serious medical needs.

Turning to the plaintiff's claim for retaliation, it is prohibited for prison officials to take action against an inmate in retaliation for the inmate's exercise of his constitutional rights. *See Woods v. Smith*, 60 F.3d 1161, 1165 (5th Cir. 1995). The purpose of allowing retaliation claims under § 1983 is to ensure that prisoners are not unduly discouraged from exercising their constitutional rights. *Morris v Powell*, 449 F.3d 682, 686 (5th Cir. 2006). Claims of retaliation by prison inmates, however, are regarded with skepticism, lest the federal courts potentially embroil themselves in every adverse action that occurs within a penal institution. *Woods v. Smith, supra*, 60 F.3d at 1166. Accordingly, to prevail on a claim of retaliation, a prisoner must establish (1) that he was exercising or attempting to exercise a specific constitutional right, (2) that the defendant intentionally retaliated against the prisoner for the exercise of that right, (3) that an adverse retaliatory action, greater than *de minimis*, was undertaken against the prisoner by the defendant, and (4) that there is causation, *i.e.*, that "but for" the retaliatory motive, the adverse action would not have occurred. *Morris v. Powell, supra*, 449 F.3d at 684. *See also Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003); *Jones v. Greninger*, 188 F.3d 322, 324-25

(5th Cir. 1999). An inmate must allege more than his mere personal belief that he is the victim of retaliation, *Johnson v. Rodriguez*, 110 F.3d 299 (5th Cir. 1997), and inasmuch as claims of retaliation are not favored, it is the plaintiff's burden to provide more than conclusory allegations of retaliation:

> To state a claim of retaliation an inmate must ... be prepared to establish that but for the retaliatory motive the complained of incident ... would not have occurred. This places a significant burden on the inmate.... The inmate must produce direct evidence of motivation or, the more probable scenario, allege a chronology of events from which retaliation may plausibly be inferred.

*Woods v. Smith, supra*, 60 F.3d. at 1166.

In order for a prison official to be found liable under § 1983, the official must have been personally and directly involved in conduct causing an alleged deprivation of an inmate's constitutional rights or there must be a causal connection between the actions of the official and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983). Any allegation that the defendant is responsible for the actions of subordinate officers or co-employees under a theory of vicarious responsibility or *respondeat superior* is alone insufficient to state a claim under § 1983. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009), citing *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). *See also Bell v. Livingston*, 356 F. App'x. 715, 716–17 (5th Cir. 2009) (recognizing that "[a] supervisor may not be held liable for a civil rights violation under any theory of *respondeat superior* or vicarious liability"). Further, in the absence of direct personal participation by a supervisory official in an alleged constitutional violation, an inmate plaintiff must allege that the deprivation of his constitutional rights occurred as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies or as a result of a breach by the supervisor of an affirmative duty specially imposed by state law. *Lozano v. Smith*, *supra*, 718 F.2d at 768.

Applying the foregoing standard, and upon a review of the plaintiff's Complaint as amended, it appears that the plaintiff has failed to allege that defendant Blackmore has personally undertaken any action which may be characterized as retaliation. The plaintiff alleges that he is being retaliated against by "some of the security and medical staff." The plaintiff makes no specific factual allegations with regards to defendant Blackmore. Even if the plaintiff's factual allegations could be imputed to defendant Blackmore, the plaintiff has not provided evidence of retaliation or provided a timeline of events from which retaliation may be plausibly inferred. The plaintiff does not state when he filed his grievances or when he gave notice of his intent to file a law suit. As such, the plaintiff's Complaint as amended fails to state a claim for retaliation against defendant Blackmore.

## RECOMMENDATION

It is recommended that the plaintiff's claims against Hunt, Davis, Reed, and Long be dismissed, without prejudice, for failure to timely effect service upon them. It is further recommended that the defendant's Motion to Dismiss (R. Doc. 12) be granted, and the plaintiff's claims against defendant Blackmore be dismissed with prejudice, and this action be dismissed.

Signed in Baton Rouge, Louisiana, on June 25, 2019.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**